IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
    Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORP., formally known as
BORG-WARNER PROTECTIVE
SERVICES CORP., a Delaware
corporation,
    Defendant.
_____/



CIV - DAVIS

MAGISTRATE JUDGE
BROWN

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS NOTICE OF REMOVAL

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, by undersigned counsel, herewith files its Memorandum of Law in support of its Notice of Removal:

I. **Complaint:**   On November 3, 1999, an action was commenced against Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled PRESTIGE PROTECTIVE CORP., a Florida corporation, Plaintiff, v. BURNS INTERNATIONAL SECURITY SERVICES CORP., a foreign corporation, formally known as, BORG-WARNER PROTECTIVE SERVICES CORP., a foreign corporation, Defendant, case number 99-018826-CACE-14.  Defendant received notice of the case by receipt of a copy of the summons and complaint on November 23, 1999.

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

In the instant case, Plaintiff PRESTIGE has brought an action to collect on a promissory note against the Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION. The Plaintiff has alleged that its damages are three hundred thousand dollars ($300,000.00).

II. **NOTICE OF REMOVAL:** On November 23, 1999, Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 upon the grounds of diversity jurisdiction.[1] In its initial notice of removal of November 23, 1999, Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION stated that it maintained its principal place of business in a state other than Florida and its notice of removal was timely filed pursuant to 28 U.S.C. §1446, as federal case number 99-7561-Civ-ZLOCH.

III. **ORDER OF REMAND:** On December 29, 1999, the District Court entered its Final Order of Remand on the basis that whether the case may be properly removed to Federal Court could not be determined from the record at the time the notice of removal was filed. As a result, the Court remanded Plaintiff's action to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

IV. **DEFENDANT'S NOTICE OF REMOVAL UPON ESTABLISHMENT OF DEFENDANT'S PRINCIPAL PLACE OF BUSINESS:** On February 2, 2000, pursuant to 28 U.S.C. § 1446(b), the Defendant timely removed this action. It was removed within 30 days of January 12, 2000, the date on which Defendant BURNS INTERNATIONAL

---

[1] Section 1332(a) states that the United States District Courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

SECURITY SERVICES CORPORATION received and subsequently filed affidavits which clearly establish that its principal place of business is located in New Jersey.[2] See affidavits attached hereto as Exhibit "1". The statute provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant.... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. See also BCC Apartments, Ltd., V. Lena, 1997 U.S. Dist. Lexis 22079 (S.D. Fla. 1997).

The affidavits of John Moriarty and Diana Bligh, both officers of Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, establish that the Parsippany, New Jersey, headquarters are the center of operation for BURNS INTERNATIONAL SECURITY SERVICES CORPORATION's far flung operations, coordinating the activities of approximately 280 offices in 49 different states. When determining the principal place of business of a corporation with far flung operations, this determination is based upon the location of the corporation's nerve center. O'Connor v. Kawasaki Motors Corporation, U.S.A., 699 F. Supp. 1538, 1541 (S.D.Fla. 1988); J.A. Olson Co. v. City of Winona, 818 F. 2d 401 (5th Cir. 1987); Anniston Soil Pipe Co. v. Central Foundry Co., 216 F. Supp. 473 (N.D. Ala. 1963), affirmed 329 F. 2d 313 (5th Cir. 1964).

The burden of proof to come forward with evidence to prove the allegations contained in the removal petition is upon the defendant. McNutt v. General Motors

---

[2] Attached to the removal notice are all pleadings and orders but not discovery or notices of hearings. See attached list.

Acceptance Corp., 298 U.S. 178 (1936); <u>Fowler v. Safeco Ins. Co. of America</u>, 915 F. 2d 616, 617 (11th Cir. 1990). However, the defendant may support its allegations of diversity by means of affidavits, depositions, or other evidence to support removal, to include affidavits of corporate officers of the defendant. <u>Fowler</u>, 915 F. 2d at 617 ; <u>O'Connor</u>, 699 F. Supp. at 1541; <u>B., Inc. v. Miller Brewing Co.</u>, 663 F. 2d 545, 549 (5th Cir. 1981); <u>Wright v. Continental Casualty Co.</u>, 456 F. Supp. 1075, 1078 (M.D.Fla. 1978).

The affidavits, attached hereto, establish that Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION's principal place of business is maintained in the State of New Jersey and that it is incorporated in the State of Delaware.  Plaintiff PRESTIGE has already established on the face of its complaint that the amount in controversy is in excess of $75,000, that the Defendant is incorporated in a state other than Florida, and that the Plaintiff is incorporated in and has it principal place of business in the State of Florida.  Hence, all of the elements required to establish diversity jurisdiction pursuant to 28 U.S.C. §1332 are established on the face of the complaint, which is attached to the notice of removal, or established through the affidavits attached hereto as Exhibit "1".

As the notice of removal was filed within 30 days of receiving the attached affidavits, which supply the record with the previously absent evidence necessary to establish federal diversity jurisdiction, Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION has satisfied the requirements of 28 U.S.C. §1446(b) and should be allowed to remove the above styled case to Federal Court.  Both 28 U.S.C. §1446(b) and the Eleventh Circuit Court of Appeals in <u>Wilson v. General Motors Corporation</u>, 888 F.2d

779, 780 (11th Cir. 1989) clearly state and hold that removal is proper once it may be ascertained from the record that the case is one which is removable and the notice of removal is filed within the statutory 30 day time period.

A case with a similar procedural scenario to the instant case is <u>Fleming v. Colonial Stores, Inc.</u>, 279 F. Supp. 933 (N.D. Fla. 1968). In that case, the court allowed the defendant to establish diversity jurisdiction and remove to Federal Court after it's notice of removal was initially denied. The court held that "as long as the claim is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running of time for removal." <u>Id.</u> at 934. And thus, the defendant was allowed to establish diversity jurisdiction and subsequently remove the case.

In the instant case, this Court stated in its Final Order of Remand that the record failed to establish the removability of this case as the Complaint failed to reveal the requisite diversity of citizenship as to the Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION. Once the affidavits establishing the state of incorporation and the principal place of business, neither of which were apparent from the face of the complaint, were filed and added to the record, the diversity requirements of 28 U.S.C. §1332 were met and hence all requirements to prove the removability of this case were established. As such, and pursuant to 28 U.S.C. § 1446 (b), the Defendant should be allowed to remove this action to federal court on the basis of diversity jurisdiction between the two parties.

V. **CONCLUSION:** In the instant case, Plaintiff PRESTIGE has brought an action for damages on a promissory note against the Defendant BURNS INTERNATIONAL

-5-

SECURITY SERVICES CORPORATION. Plaintiff PRESTIGE, in its complaint, established the amount in controversy, Plaintiff PRESTIGE's principal place of business and state of incorporation, and the fact that Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION's is a foreign corporation. Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, in the affidavits of two of its corporate officers, has established that Delaware is its state of incorporation and that New Jersey is its principal place of business.

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION has proven all of the requirements for establishing 28 U.S.C. §1332 diversity jurisdiction and has timely filed a notice of removal. Therefore, pursuant to 28 U.S.C. §1446, and other applicable authority as stated above, this case should be removed to federal court in accordance with 28 U.S.C. §1332.

Respectfully submitted,

*[signature]*

Sherryll Martens Dunaj
Florida Bar No.: 136707
John L. Urban
Florida Bar No.: 175307
MARTENS DUNAJ MARLOWE
DAVIS & MARLOWE
201 South Biscayne Boulevard
Miami Center, Suite 880
Miami, FL 33131
(305) 373-9977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 10 day of February, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

*[signature]*
for John L. Urban