IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6206-CIV-DAVIS

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,

    Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION.,
formally known as,
BORG-WARNER PROTECTIVE
SERVICES CORP., a Delaware corporation,

    Defendant.
_____/

**NIGHT BOX FILED**
FEB 17 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO STAY ALL DISCOVERY UNTIL AFTER ARBITRABILITY HAS BEEN DETERMINED[1]

While this case was pending in State Court, Defendant BURNS INTERNATIONAL SECURITY SERVICES CORP., a foreign corporation, formerly known as, BORG-WARNER PROTECTIVE SERVICES CORP., a foreign corporation, moved for an Order staying all discovery in this case until after the arbitrability of this action has been determined (See Exhibit "1" attached hereto). Accordingly, and pursuant to this Court's Local Rule 7.2, Defendant BURNS hereby submits this Memorandum of Law in Further Support of Defendant's Motion for Protective Order and to Stay All Discovery Until After Arbitrability has been Determined, and states the following:

---

[1] This memorandum is filed pursuant to United States District Court for the Southern District of Florida Local Rule 7.2 as the Motion for Protective Order and to Stay all Discovery Until After Arbitrability has been Determined was pending in State Court at the time this action was removed.

On December 31, 1999, while this action was pending in state court, Plaintiff PRESTIGE PROTECTIVE CORPORATION served Plaintiff's First Request for Production upon Defendant BURNS. In said production request, Plaintiff PRESTIGE requests production of various documents relating to the resolution of this action.

On November 24, 1999, Defendant BURNS filed with this Court its Motion to Compel Arbitration and Dismiss Action and on December 20, 1999, filed its Reply Memorandum in Further Support of Defendant's Motion to Compel Arbitration. Defendant BURNS' motion is currently pending before the Court.

Based on the rationale of Defendant BURNS' Motion to Compel Arbitration and the fact that the parties have agreed to an alternative dispute resolution mechanism, Defendant BURNS maintains that the issues of this case are properly resolved by the parties' chosen arbitration method pursuant to the parties' agreement. Both the United States Supreme Court and the Eleventh Circuit Court of Appeals have held that the district court has no discretion in determining which arbitration agreements should be enforced, as all such agreements should be enforced. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987); Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F. 2d 648, 649 (11th Cir. 1988).

In an analogous action, wherein the district court refused to stay discovery pending the arbitration required by the parties' agreement, the Eleventh Circuit Court of Appeals held that the "district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules." Id. at 649 As the issues of this action are properly resolved by the parties' chosen method of arbitration, any discovery as to the claims of this case is inappropriate at this time as it would create an

undue burden or expense.[2] Further, as discussed in Defendant BURNS' Motion to Compel Arbitration, the sole issue currently before the Court is whether a valid arbitration agreement exists between these parties. None of Plaintiff PRESTIGE's requested discovery is pertinent to the resolution of this issue.

The district courts have the discretion to defer discovery or other proceedings pending the conclusion of arbitration. Air Line Pilots Association v. Miller, 523 U.S. 866, 880 (1998). As noted by the Eleventh Circuit Court of Appeals, "...allowing continued discovery, however, would subject the parties to the very complexities, inconveniences and expenses of litigation that they determined to avoid." Suarez-Valdez, 858 F. 2d at 649; cited in Campbell v. Dominick & Dominick, Inc., 863 F. 2d 791 (11th Cir. 1989).

WHEREFORE, Defendant BURNS respectfully asks that this Court enter an Order staying all discovery until after it has entered a ruling on Defendant BURNS' request to compel arbitration.

Respectfully submitted,

Sherryll Martens Dunaj
Florida Bar No.: 136707
John L. Urban
Florida Bar No.: 175307
Martens Dunaj Marlowe Davis & Marlowe
201 S. Biscayne Boulevard
Suite 880, Miami Center
Miami, Florida 33131
(305) 373-9977

---

[2] Pursuant to Fed.R.Civ.P. 26(c), upon motion by a party, this Court may make any order which justice requires to protect a party from undue burden or expense.

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail ~~*******~~ this *17'*th day of February, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

John L. Urban

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-018826

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
    Plaintiff,
v.

BURNS INTERNATIONAL SECURITY
SERVICES CORP., a foreign corporation,
formally known as,
BORG-WARNER PROTECTIVE
SERVICES CORP., a foreign corporation,
    Defendant.
_____/

FEB 0 9 2000

A TRUE COPY
ROBERT E. LOCKWOOD

## MOTION FOR PROTECTIVE ORDER AND TO STAY ALL DISCOVERY UNTIL AFTER ARBITRABILITY HAS BEEN DETERMINED

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORP., a foreign corporation, formerly known as, BORG-WARNER PROTECTIVE SERVICES CORP., a foreign corporation, moves this Court for an order, pursuant to Fla.R.Civ.P. 1.280(c), staying all discovery in this case until after the arbitrability of this case has been determined by this Court, and in support thereof states the following:

On December 31, 1999, Plaintiff PRESTIGE PROTECTIVE CORPORATION served Plaintiff's First Request for Production upon Defendant BURNS. In said production request, Plaintiff PRESTIGE requests production of various documents relating to the resolution of this case.

On January 20, 2000, Defendant BURNS filed with this Court its Motion to Compel Arbitration and Dismiss Action and Reply Memorandum in Further Support of Defendant's Motion to Compel Arbitration. This motion is currently pending before the Court.

EXHIBIT 1

-1-

CASE NO.: 99-018826

Based on the rationale of Defendant BURNS' Motion to Compel Arbitration and the fact that the parties have agreed to an alternative dispute resolution mechanism, Defendant BURNS maintains that the issues of this case are properly resolved by the parties' chosen arbitration method pursuant to the parties' agreement. Any discovery as to the issues of this case is therefore inappropriate at this time as it would tend to create an undue burden or expense.

WHEREFORE, Defendant BURNS respectfully asks that this Court enter an Order staying all discovery until after it has addressed Defendant BURNS' request to compel arbitration.

Respectfully submitted,

Sherryll Martens Dunaj
Florida Bar No.: 136707
John L. Urban
Florida Bar No.: 175307
Martens Dunaj Marlowe Davis & Marlowe
201 S. Biscayne Boulevard
Suite 880, Miami Center
Miami, Florida 33131
(305) 373-9977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail and fax this 7th day of February, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

John L. Urban

-2-

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

6TH CASE of Level 1 printed in FULL format.

Humberto SUAREZ-VALDEZ, Acerus Suarez, S.A., a Panamanian corporation, Plaintiffs-Appellees, v. SHEARSON LEHMAN/AMERICAN EXPRESS, INC., a Delaware corporation, Alejandro Lacayo, Defendants-Appellants

No. 87-5712

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

858 F.2d 648; 1988 U.S. App. LEXIS 14456; Fed. Sec. L. Rep. (CCH) P94,082; 12 Fed. R. Serv. 3d (Callaghan) 457

October 4, 1988

PRIOR HISTORY:
[**1] Appeal from the United States District Court for the Southern District of Florida.

CORE TERMS: arbitration, discovery, mandamus, exceptional, writ of mandamus, issuance, Federal Rules Of Civil Procedure, pending arbitration, special need, concurrent

COUNSEL: Curtis Carlson, Fowler, White, Burnett, Hurley, Banick & Strickfoot, P.A., Miami, Florida, Kathy M. Klock, Attorneys for Appellant.

John R. Squitero, Katz, Barron, Souitero, Linden & Faust, Miami, Florida, Robert Grady, Attorneys for Appellee.

JUDGES: Tjoflat and Hill, Circuit Judges, and Hall, * District Judge. Tjoflat, Circuit Judge, concurring.

* Honorable Robert H. Hall, U.S. District Judge for the Northern District of Georgia, sitting by designation.

OPINIONBY: BY THE COURT

OPINION: [*648] The mandate in this case has been withheld. The court on its own motion reconsiders the opinion and judgment dated [*649] 5/23/88, found at 845 F.2d 950. The same is withdrawn and the following substituted therefor.

Pursuant to *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) and *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987), the defendants moved the district court to stay this action pending the arbitration required by the parties' agreements. While the district court did stay the trial pending arbitration, it did not stay proceedings. The district judge ordered that [**2] discovery would proceed under the Federal Rules of Civil Procedure. The defendants appealed the decision to allow discovery proceedings to continue.

We need not decide whether we can entertain this appeal under 28 U.S.C. § 1291 (1982), as we may treat this appeal as a petition for a writ of mandamus. See, e.g., *Piambino v. Bailey*, 757 F.2d 1112, 1115 n. 2 (11th Cir.1985), cert. denied sub nom. *Hoffman v. Sylva*, 476 U.S. 1169, 106 S. Ct. 2889, 90 L. Ed. 2d 976 (1986); *Dobard v. Johnson*, 749 F.2d 1503, 1508 (11th Cir. 1985); *Fernandez-Rogue v. Smith*, 671 F.2d 426, 430-31 (11th Cir. 1982); *Huckeby v. Frozen Food Exp.*, 555 F.2d 542, 549 n. 14 (5th Cir. 1977).

The district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules. n1

n1 We need not decide whether a district court might order discovery to aid in arbitration where the court found some "special need" for the discovery. See *Bigge Crane & Rigging Co. v. Docutel Corporation.*, 371 F. Supp. 240 (E.D.N.Y. 1973); *Ferro Union Corporation v. SS Ionic Coast*, 43 F.R.D. 11 (S.D. Tex. 1967). Conceivably such a rule risks a plunge into judicial control over arbitration. The issue is irrelevant in this case, however, because the plaintiffs never contended to the district court that they had such an unusual circumstance, and the district court made no such finding. To the extent that plaintiffs argued that federal interests in federal securities laws constituted some sort of special need, R1-50-6, their rationale was undermined by *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987).

Case 0:00-cv-06206-WJZ   Document 6   Entered on FLSD Docket 02/18/2000   Page 8 of 8
Page 32

858 F.2d 648, *649; 1988 U.S. App. LEXIS 14456, **__,
Fed. Sec. L. Rep. (CCH) P94,082; 12 Fed. R. Serv. 3d (Callaghan) 457

[**3]

The **stay** entered for **arbitration** was correct. As to the provision requiring that the parties engage in-and submit to-**discovery** under the Federal Rules of Civil Procedure, the writ of mandamus is issued requiring that it be vacated. n2

> n2 We distinguish the case of *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S. Ct. 1133, 99 L. Ed. 2d 296 (1988). In Gulfstream, petitioner sought a stay or dismissal under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Colorado River holds that a federal court may stay or dismiss an action because of the pendency of a concurrent state court proceeding only in "exceptional" circumstances, *424 U.S. at 818, 96 S. Ct. at 1246,* and with "the clearest of justifications," *424 U.S. at 819, 96 S. Ct. at 1247.* In Gulfstream, petitioner failed to show that the district court had overstepped its authority in holding that circumstances were not so exceptional as to warrant a stay or dismissal under Colorado River. Thus, petitioner failed to show that the district court's order denying the stay warranted issuance of mandamus. In determining what is "exceptional," the district court is given some discretion. However, in our case, the Supreme Court has held expressly that arbitration agreements should be enforced. *Shearson/American Exp. Inc. v. McMahon,* 482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987). The district court has no discretion in determining which arbitration agreements should be enforced because the Supreme Court has said that all such agreements should be enforced. The district court's denial of the motion to stay federal proceedings pending arbitration is in direct contravention of this Supreme Court precedent and thus warrants issuance of mandamus.

[**4]

CONCURBY: TJOFLAT

CONCUR: TJOFLAT, Circuit Judge, concurring:

I write separately only to emphasize that by finding jurisdiction in this case we do not adopt a position that views mandamus as an alternate form of appeal. Mandamus is a proper method of review only in "extraordinary" situations, such as when the district court acts beyond the scope of its authority. The order of the district court allowing concurrent discovery falls within this extraordinary class of cases. By allowing arbitration, the trial court necessarily determined that the parties' contract mandated arbitration of disputes. This choice indicates the parties' preference for more informal, less expensive procedures. The trial court's order allowing continued [*650] discovery, however, would subject the parties to the very complexities, inconveniences and expenses of litigation that they determined to avoid.

The district court's order also would create practical difficulties. The parties to this action will almost certainly have squabbles over discovery. Since the judge will not be involved in the development of the issues as the case proceeds through the arbitration process, he will lack a basis upon which to make informed rulings on discovery matters. His only options would be to have the parties brief the development of the issues [**5] in arbitration or to discuss the current state of the dispute with the arbitrator. Such a litigation model is obviously both inefficient and a waste of judicial resources. The trial court therefore acted beyond its authority in allowing discovery to continue during the course of arbitration.

I fully agree with the court's position that distinguishes *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S. Ct. 1133, 99 L. Ed. 2d 296 (1988). I would note in addition, however, that the Court's opinion in that case supports our position in this case. Specifically, the Court in Gulfstream noted that "issuance of a writ of mandamus will be appropriate in exceptional cases involving **stay** orders. This court has made clear, for example, that a **stay** order that deprives a party of the right to trial by jury is reversible by mandamus." *Id., 108 S. Ct. at 1143 n. 13.* The action of the district judge in allowing **discovery and arbitration** to continue concurrently presents such an exceptional case.