IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

00 FEB 22 PM 2: 55

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
                Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION,
formerly known as, BORG-WARNER
PROTECTIVE SERVICES CORPORATION,
a Delaware corporation,
                Defendant.

_____/

Case No. 00-6206-CIV-DAVIS

## PLAINTIFF'S MOTION TO TRANSFER TO JUDGE ZLOCH; MOTION TO STRIKE; and MOTION FOR SANCTIONS AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Prestige Protective Corporation, brings this Motion To Transfer to Judge Zloch or, in the alternative this Motion to Strike the Notice of Removal as a Sham, and this Motion For Sanctions, and as just cause therefore would show the court as follows:

The defendant, Burns International Security Services Corporation, has filed a Notice Of Removal of this action which was pending in the Circuit Court of Broward County, Florida. This is the second Notice Of Removal which the defendant has filed in this case. Its first Notice Of Removal was filed November 23, 1999. That case was assigned to Judge Zloch of the United States District Court, Southern District of Florida, case number 99-7561-CIV-Zloch. Pursuant to that Notice Of Removal each party submitted full and extensive memoranda of law in support of their positions. Judge Zloch issued a "Final Order Of Remand" on December 29, 1999 (a copy of this order is attached hereto).

1

NON-COMPLIANCE OF S.D. fla. L.R. 7.1A4



The case was returned to the Florida Circuit Court. While pending in that court, the defendant filed a Motion to Compel Arbitration and/or to Dismiss (copy attached). Thereafter, defendant filed its second Notice of Removal in this case. This Notice of Removal raises the identical issues of diversity jurisdiction which were raised in defendant's first Notice of Removal and is therefore barred by the doctrine of collateral estoppel and res judicata. Defendant filed this second Notice of Removal as a new action. Defendant has filed, pursuant to local rule 3.9, a notification of similar action. However, defendant has not sought to have this case transferred to Judge Zloch as is clearly required by that rule. "Whenever an action or proceeding is terminated by entry of the notice or order of dismissal and is refiled without a substantial change in issue or parties, it shall be transferred to the Judge to whom the original was assigned". Defendant is forum shopping. Having received an adverse decision by Judge Zloch, defendant has now sought to bring these issues before a new judge in the hope Judge Zloch's decision will be, in effect, overturned by another district court judge. This is completely inappropriate.

In its current Notice of Removal defendant makes a series of serious false representations concerning Judge Zloch's remand Order in an effort to mislead this Court. Defendant repeatedly makes the claim that Judge Zloch rendered his Final Order of Remand because of a "premature record". Defendant states "when this matter was first removed to this court (upon what this court determined was a premature record)...". (Page one, footnote one). On pages two-three of its Notice of Removal defendant states, referring to Judge Zloch's Final Order of Remand, "the order found that the removal was premature". Defendant again, at page three-footnote three, states "... because the court to deemed the removal premature...". Defendant continues these false representations in its filing pursuant to local rule 3.9 notice requirements for similar actions. In that filing defendant again makes the claim that Judge Zloch's order was rendered "upon the basis

that the record at that time was not ripe for removal and did not demonstrate all necessary elements of diversity jurisdiction ". Yet again, in "Defendant's Memorandum of Law in Support of its Notice of Removal", page two, defendant says "[O]n December 29, 1999, the District Court entered its Final Order of Remand on the basis that whether the case may be properly removed to Federal Court could not be determined from the record at the time they notice of removal was filed". **These statements are blatant fabrications**. In fact, the word "premature" never even appears in Judge Zloch's Order, nor does any synonym of "premature" appear in the Order. Nor does Judge Zloch express any notion that he considered the record to be "premature" or that the record "was not ripe for removal" or that the issue "could not be determined from the record". These assertions by the defendant are astounding. The defendant has re-written Judged Zloch's Order.

Judge Zloch's five page Final Order of Remand makes it crystal clear that Defendant's representations that the record was "premature" or not "ripe" are totally and completely fallacious. Judge Zloch even said as much in his Order. Judge Zloch based his ruling upon the allegations contained in plaintiff's complaint filed in the state court. "When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the complaint was filed... [I]t is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction". ( Final order of remand, Judge Zloch, page two, citations omitted, emphasis added). Obviously, defendant's attempt to categorize Judge Zloch's ruling as being equivocal due a "premature record" is a misrepresentation to this court and an insult to Judge Zloch. Judge Zloch states that he found it "clear from the record" that the case should be remanded. Defendant's assertions to this court that Judge Zloch deemed the record premature are in conflict with Judge Zloch's own statement to the contrary. Additionally, the logic of defendant's current removal is also flawed as the allegations of the complaint

3

obviously remain the same regardless of defendant's supplemental filings. Knowing this, the defendant is loathe to return to Judge Zloch.

Judge Zloch rendered a detailed five page Order with numerous case and treatise citations. This Order should clearly be respected by the parties and is not subject to review by another district court judge. Any attempt at rehearing or reconsideration of an order (even if it is assumed that such would be permissible under the rules) must be brought before the issuing judge. Defendant has deliberately ignored this procedure and has raised specious arguments which have caused the plaintiff to suffer significant legal fees.

It is also evident from defendant's current Notice of Removal that any insufficiency claimed by the defendant in the record considered by Judge Zloch was of the defendant's own making or lack of care. All of the material submitted by the defendant in support of its current notice of removal has been generated or created by the defendant itself. They are simply defendant's corporate records or affidavits of defendant's officers. All of this material could have been generated or created by the defendant and submited to the court in the removal proceeding before Judge Zloch. Defendant neglected to do this and now is seeking to escape the direct consequence of such neglect.

Strangely, in the first removal proceeding defendant was apparently confused not only as to its own identity, but was also unaware of its own business operations. Defendant states in its notice of removal in this case (page one, footnote one):

> When this matter was first removed to this court (upon what this court determined was a premature record), undersigned counsel stated that the principal place of business of defendant was the state of Illinois; however, it has since been determined upon development of the record on this issue that Illinois is the principal place of business for Burns International Security Corporation, which is the parent corporation of defendant Burns International Security Services Corporation the sole defendant in this case.

4

The defendant appears to suggest that the "development of the record" to which it refers was accomplished through the filings of parties other than the defendant, or perhaps from discovery obtained by the defendant from the plaintiff. Absolutely not. If, in fact, the record has been "developed" it has only been so through the filing of material which was created by the defendant itself, pertaining to information which has always been in defendant's possession. The affidavits and other papers which defendant has filed in this proceeding are those of its own corporate offices and officers. Defendant had only to pick up the phone and call its own corporate offices to obtain all of the information which it now attempts to categorize as "development of the record". Defendant did not have to track down this information. This was not information which was in possession of the plaintiff. In effect, the defendant is suggesting that it was not aware or privy to the knowledge possessed by its own officers. Further, the section relied upon by the defendant, 28 U.S.C.1446(b), relating to the timliness of defendant's current Notice of Removal, provides, "a notice may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable...". Not only are the "papers" defendant is relying upon (affidavits of its corporate officers) not of the class of "papers" set forth in this section, but there was no "receipt" of them unless the section contemplates that a party may "receive" such papers from itself. This is yet more specious reasoning by the defendant. It can hardly be denied that a corporation is deemed to possess the knowledge of its officers pertaining to corporate matters. Defendant's attempt to describe these events as "the development of the record" is wholly disingenuous.

5

Wherefore, the plaintiff prays for the following relief:

1) that the Notice of Removal be stricken as a sham upon the court due to the fact that: this matter has already been determined by Judge Zloch; this case should have been transferred to Judge Zloch by the defendant and the defendant's failure to do so constitutes forum shopping; defendant's Notice of Removal, memorandum in support thereof, and local rule 3.9 filing all falsely and perniciously misrepresent to the Court the nature and effect Judge Zloch's Final Order of Remand; and the papers relied upon by the defendant under 28 U.S.C. 1446(b) were self created by the defendant and could not satisfy the conditions for removal set forth therein.

2) in the alternative that the Notice of Removal is barred by the doctrines of collateral estoppel and res judicata.

3) in the alternative, that this case be transferred to Judge Zloch's division of the district court for disposition.

4) that the court impose sanctions against the defendant as deemed appropriate by the court due to the fact that: this matter has already been determined by Judge Zloch; pursuant to Local Rule 3.9 defendant should have sought by motion or otherwise to have this matter transferred to Judge Zloch and the defendant's failure to do so constitutes forum shopping; the Notice of Removal and other filings by the defendant falsely and perniciously represent to the court the nature and effect Judge Zloch's Final Order of Remand; and the defendant's argument pertaining to "the development of the record" is specious and frivolous in that all such material relied upon by the defendant in support of this argument was either within defendant's custody and control at the time of defendant's first Notice of Removal, or were affidavits of defendant's own officers which could have been created or obtained by the defendant at the time of defendant's first Notice of Removal.

Respectfully submitted,

ROBERT PASIN
Attorney for the Plaintiff
3300 University Drive, Suite 601
Coral Springs, Florida 33065
954-345-0662
954-345-3902 (fax)
Florida Bar No. 341312

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by mail on this 18th day of February, 2000 to Sherryll Martens Dunaj, of Martens Dunaj, Marlowe, Davis & Marlowe, 201 South Biscayne Blvd., Miami Center suite 880, Miami, Florida, 33131.

ROBERT PASIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-7561-CIV-ZLOCH



PRESTIGE PROTECTIVE CORP.,
a Florida Corporation,

        Plaintiff,

vs.

                                      **FINAL ORDER OF REMAND**

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION, formerly
known as, BORG-WARNER PROTECTIVE
SERVICES CORPORATION,
a Delaware corporation,

        Defendant.
_____/

    THIS MATTER is before the Court upon the Plaintiff, Prestige
Protective Corp.'s Motion To Remand (DE 3) and the Defendant, Burns
International Security Services Corporation's, Notice of Removal
(DE 1) filed herein by the Defendant for removal of the
above-styled cause to the United States District Court, Southern
District of Florida, and the Court having carefully reviewed the
allegations of the Complaint, having carefully reviewed the court
file, and being otherwise fully advised in the premises, it is

    **ORDERED AND ADJUDGED** that the Plaintiff, Prestige Protective
Corp.'s Motion To Remand (DE 3) be and the same is hereby **GRANTED**.

    The Notice Of Removal (DE 1) is premised upon this Court's
diversity jurisdiction pursuant to Title 28 U.S.C. § 1332. Whether
an action filed in state court may properly be removed to Federal
Court is to be determined from the record at the time the Notice Of

Removal is filed. Pullman Company v. Jenkins, 305 U.S. 534 (1939). Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the Complaint was filed. OJB, Inc. v. Dowell; A Division of Dow Chemical Co., 650 F. Supp. 42 (N.D. Tex. 1986); Portis v. Sears, Roebuck & Co., 621 F. Supp. 682 (E.D. Mo. 1985); See generally, 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3723 (1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Complaint. The Complaint alleges only that:

> 1.   Plaintiff, Prestige Protective Corporation, (Prestige) is an active Florida corporation, with its principal place of business located in Broward county, Florida.

> 2.   Defendant, Burns International Security Services Corporation (Burns), is a foreign corporation authorized to do business in the state of Florida and doing business in Broward county, Florida. . .

A corporation has dual citizenship for diversity purposes: a corporation is a citizen of any state by which it has been incorporated and a citizen of the state in which the corporation

2

incorporated and a citizen of the state in which the corporation has its principal place of business. Hence, it is necessary both to plead the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity jurisdiction exists. See 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3624 (1984). The Complaint filed herein lacks any allegation regarding the state or states in which the Defendant is incorporated or the state in which it has its principal place of business. Therefore, the diversity of citizenship requirements have not been satisfied.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d at 1095; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983).

3

Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984).

The Court recognizes that current trends in the law favor expanded Federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of Federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of Federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state

4

forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99018826.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____29ᵗʰ_____ day of December, 1999.


_____
WILLIAM J. ZLOCH
United States District Judge


Copies furnished:

Robert Pasin, Esq.
For Plaintiff

Sherryll Martens Dunaj, Esq.
For Defendant

Clerk, Circuit Court
Broward County, Florida
Case No. 99018826

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. 99-018826

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,

       Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORP., a foreign corporation,
formerly known as,
BORG-WARNER PROTECTIVE
SERVICES CORP., a foreign corporation,

       Defendant.

_____/

## DEFENDANT BURNS INTERNATIONAL'S NOTICE OF FILING ITS MOTION TO COMPEL ARBITRATION AND DISMISS ACTION AND REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, by its undersigned counsel, files Defendant's Motion to Compel Arbitration and to Dismiss Action and Supporting Memorandum of Law and Defendant's Reply Memorandum in Further Support of Motion to Compel Arbitration, both attached hereto[1]. This motion and memorandum are filed in support of

_____

[1]The motion and memorandum have federal court headings in their styles as they were submitted to the federal court while this case was removed to the United States District Court for the Southern District of Florida. This case has since been remanded to this court.

-1-

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

Case No.: 99-018826

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION's

right to have the issues of this case decided by arbitration, as set forth in the parties'

agreement.

Respectfully submitted,

John L. Urban
Florida Bar No.: 175307
Martens Dunaj Marlowe Davis &
Marlowe
201 South Biscayne Boulevard
Suite 880, Miami Center
Miami, Florida 33131
(305) 373-9977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail and fax this 2C<sup>th</sup> day of January, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

John L. Urban