IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
          Plaintiff,

v.                                      Case No. 00-6206-CIV-DAVIS

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION,
formerly known as, BORG-WARNER
PROTECTIVE SERVICES CORPORATION,
a Delaware corporation,
          Defendant.
_____/

## PLAINTIFF'S MOTION TO REMAND
## AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Prestige Protective Corporation, brings this Motion To Remand, and as just cause therefore would show the court as follows:

1. <u>Collateral Estoppel and Res Judicata:</u>

The defendant, Burns International Security Services Corporation, has filed a Notice Of Removal of this action which was pending in the Circuit Court of Broward County, Florida. This is the <u>second</u> Notice Of Removal which the defendant has filed in this case. Its <u>first</u> Notice Of Removal was filed November 23, 1999. That case was assigned to Judge Zloch of the United States District Court, Southern District of Florida, case number 99-7561-CIV-Zloch. Pursuant to that Notice Of Removal each party submitted full and extensive memoranda of law in support of their positions. Judge Zloch issued a "Final Order Of Remand" on December 29, 1999 (a copy of this order is attached hereto).

The case was returned to the Florida Circuit Court. While pending in that court, the

1

defendant filed a Motion to Compel Arbitration and/or to Dismiss (copy attached). Thereafter, defendant filed its second Notice of Removal in this case. This Notice of Removal raises the identical issues of diversity jurisdiction which were raised in defendant's first Notice of Removal and is therefore barred by the doctrine of collateral estoppel and res judicata.

2. <u>The Notice of Removal is Untimely</u>:

It is also evident from defendant's current Notice of Removal that any insufficiency claimed by the defendant in the record considered by Judge Zloch was of the defendant's own making or lack of care. <u>All</u> of the material submitted by the defendant in support of its current notice of removal has been generated or created by the defendant itself. They are simply defendant's corporate records or affidavits of defendant's officers. <u>All</u> of this material could have been generated or created by the defendant and submitted to the court in the removal proceeding before Judge Zloch. Defendant neglected to do this and now is seeking to escape the direct consequence of such neglect.

Strangely, in the first removal proceeding defendant was apparently confused not only as to its own identity, but was also unaware of its own business operations. Defendant states in its current notice of removal in this case (page one, footnote one):

> When this matter was first removed to this court (upon what this court determined was a premature record), undersigned counsel stated that the principal place of business of defendant was the state of Illinois; however, it has since been determined upon development of the record on this issue that Illinois is the principal place of business for Burns International Security Corporation, which is the parent corporation of defendant Burns International Security Services Corporation the sole defendant in this case.

The defendant appears to suggest that the "development of the record" to which it refers was accomplished through the filings of parties other than the defendant, or perhaps from

discovery obtained by the defendant from the plaintiff or others. Absolutely not. If, in fact, the record has been "developed" it has only been so through the filing of material which was created by the defendant itself, pertaining to information which has always been in defendant's possession.

The affidavits and other papers which defendant has filed in this proceeding are those of its own corporate offices and officers. Defendant had only to pick up the phone and call its own corporate offices to obtain all of the information which it now attempts to categorize as "development of the record". Defendant did not have to track down this information. This was not information which was in possession of the plaintiff. In effect, the defendant is suggesting that it was not aware or privy to the knowledge possessed by its own officers.

Further, the section relied upon by the defendant, 28 U.S.C.1446(b), relating to the timeliness of defendant's current Notice of Removal, provides, "a notice may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable...". Not only are the "papers" defendant is relying upon (affidavits of its corporate officers) not of the class of "papers" set forth in this section, but there was no "receipt" of them unless the section contemplates that a party may "receive" such papers from itself. This is simply specious reasoning by the defendant. It can hardly be denied that a corporation is deemed to possess the knowledge of its officers pertaining to corporate matters. Defendant's attempt to describe these events as "the development of the record" is wholly disingenuous.

3. Lack of Jurisdiction:

Judge Zloch's Final Order of Remand was based upon a finding that "this Court lacks subject matter jurisdiction". (Order, page 5). Therefore, that Order cannot be reviewed or reconsidered by any court, district or appellate. 28 U.S.C. sec. (d). Harris v. Blue Cross/Blue Shield of Alabama, 951 F.2d 325 (11th Cir.1992). [This point is more fully addressed in plaintiff's "Motion to Dismiss Second Notice of Removal for Lack of Subject Matter Jurisdiction and Motion to Remand" which has been filed.]

4. Waiver:

After Judge Zloch's Final Order of Remand, defendant filed a "Motion to Compel Arbitration and Dismiss Action" in the state court (copy attached). This act constituted a waiver by the defendant of defendant's claim to federal jurisdiction in this case. Brown v. Demco, Inc., 792 F.2d 481 (5th Cir.1986); Kam Hon Inc. v. Cigna Fire Underwriters Ins. Co., 933 F.Supp 1060 (M.D.Fla.1996); Scholz v. RDV Sports, Inc., 821 F.Supp 1469 (M.D.Fla.1993).

5. Defendant has Failed to meet its Burden of Establishing Diversity of Citizenship:

The test in this circuit for determining a corporation's principal place of business is the "total activity test".

> One looks to the "total activity" of the corporation in order to determine its principal place of business. This analysis incorporates both the "place of activities" test (focus on production or sales activities), and the "nerve center test" (emphasis on the locus of the managerial and policy-making functions of the corporation).

Vareka Investments, N.V. v. American Investment Properties Inc., 724 F.2d 907, 910 (11th Cir.), cert. denied, 469 U.S. 826, 105 S. Ct. 107, 83 L. Ed. 2d 51 (1984).

4

The Defendant, as the party seeking to invoke federal jurisdiction bears the burden of proving that jurisdiction exists. Taber Partners I v. Merit Builders Inc, 987 F.2d 57 (1st Cir. 1993). Where that jurisdiction rests on diversity of citizenship, the party invoking jurisdiction will be put to the task of proving that the parties citizenships are diverse. If that party fails to adduce sufficient evidence to establish the location of the subject corporation's principal place of business, diversity jurisdiction cannot be invoked. Media Duplication Service v. HDG Software Inc., 928 F.2d 1228 (1st Cir. 1991). See also, Wright & Miller, Federal Practice and Procedure, section 3625, p.640.

"The burden falls squarely upon the removing party to establish its right to a federal forum by competent proof". R.G. Barry Corp. v. Mushroom Makers Inc., 612 F. 2d 651, 655 ( 2d Cir. 1979). The affidavits upon which defendant now relies are insufficient to meet its burden in that they do not address the issue of the "place of activities" aspect of the "total activities test". Defendant's affidavits address only the "nerve center" test component as indicated in defendant's own "memorandum of law in support of its notice of removal" (page 3), "this determination is based on the location of the corporations nerve center". Therefore, defendant has failed to meet its burden of proof for establishing diversity of citizenship as established by Vareka, supra.

Only if the assessment of citizenship is based upon an analysis utilizing the "total activity test" adopted in this circuit can it be deemed relevant. If the Defendant's conclusion is based upon any other analysis, its statement as to the location of its principal place of business is legally insufficient to establish diversity of citizenship. Plaintiff disputes the fact that Defendant's principal place of business is located other than in the State of Florida.

6. <u>The Complaint does not Allege Grounds for Invoking Federal Jurisdiction</u>:

Judge Zloch has already determined and ruled that the Complaint does not allege facts sufficient to invoke the diversity jurisdiction of the federal courts. Judge Zloch's Order provides "this Court lacks subject matter jurisdiction". (Order, page 5, attached). This fact has not changed since Judge Zloch's Final Order of Remand. The Complaint remains the same. Therefore, as Judge Zloch has already ruled, this case must be remanded. (As set forth above and in plaintiff's "Motion to Dismiss Second Notice of Removal", Judge Zloch's Final Order of Remand is not alterable and remains the last and final judicial pronouncement on this issue. <u>Harris v. Blue Cross/Blue Shield of Alabama</u>, 951 F.2d 325 (11th Cir.1992).

Respectfully submitted,

*[signature]*

ROBERT PASIN
Attorney for the Plaintiff
3300 University Drive, Suite 601
Coral Springs, Florida 33065
954-345-0662
954-345-3902 (fax)
Florida Bar No. 341312

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by mail on this 22 day of February, 2000, to Sherryll Martens Dunaj, of Martens Dunaj, Marlowe, Davis & Marlowe, 201 South Biscayne Blvd., Miami Center suite 880, Miami, Florida, 33131.

ROBERT PASIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-7561-CIV-ZLOCH

PRESTIGE PROTECTIVE CORP.,
a Florida Corporation,

    Plaintiff,

vs.

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION, formerly
known as, BORG-WARNER PROTECTIVE
SERVICES CORPORATION,
a Delaware corporation,

    Defendant.
_____/



**FINAL ORDER OF REMAND**

THIS MATTER is before the Court upon the Plaintiff, Prestige Protective Corp.'s Motion To Remand (DE 3) and the Defendant, Burns International Security Services Corporation's, Notice of Removal (DE 1) filed herein by the Defendant for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Plaintiff, Prestige Protective Corp.'s Motion To Remand (DE 3) be and the same is hereby **GRANTED**.

The Notice Of Removal (DE 1) is premised upon this Court's diversity jurisdiction pursuant to Title 28 U.S.C. § 1332. Whether an action filed in state court may properly be removed to Federal Court is to be determined from the record at the time the Notice Of

Removal is filed. <u>Pullman Company v. Jenkins</u>, 305 U.S. 534 (1939). Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the Complaint was filed. <u>OJB, Inc. v. Dowell; A Division of Dow Chemical Co.</u>, 650 F. Supp. 42 (N.D. Tex. 1986); <u>Portis v. Sears, Roebuck & Co.</u>, 621 F. Supp. 682 (E.D. Mo. 1985); <u>See</u> generally, 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, Section 3723 (1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Complaint. The Complaint alleges only that:

> 1. Plaintiff, Prestige Protective Corporation, (Prestige) is an active Florida corporation, with its principal place of business located in Broward county, Florida.
>
> 2. Defendant, Burns International Security Services Corporation (Burns), is a foreign corporation authorized to do business in the state of Florida and doing business in Broward county, Florida...

A corporation has dual citizenship for diversity purposes: a corporation is a citizen of any state by which it has been incorporated and a citizen of the state in which the corporation

2

incorporated and a citizen of the state in which the corporation has its principal place of business. Hence, it is necessary both to plead the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity jurisdiction exists. See 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3624 (1984). The Complaint filed herein lacks any allegation regarding the state or states in which the Defendant is incorporated or the state in which it has its principal place of business. Therefore, the diversity of citizenship requirements have not been satisfied.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d at 1095; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983).

Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984).

The Court recognizes that current trends in the law favor expanded Federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of Federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of Federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state

4

forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99018826.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of December, 1999.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Robert Pasin, Esq.
For Plaintiff

Sherryll Martens Dunaj, Esq.
For Defendant

Clerk, Circuit Court
Broward County, Florida
Case No. 99018826

5

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 99-018826

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,

        Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORP., a foreign corporation,
formerly known as,
BORG-WARNER PROTECTIVE
SERVICES CORP., a foreign corporation,

        Defendant.
_____/

## DEFENDANT BURNS INTERNATIONAL'S NOTICE OF FILING ITS MOTION TO COMPEL ARBITRATION AND DISMISS ACTION AND REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, by its undersigned counsel, files Defendant's Motion to Compel Arbitration and to Dismiss Action and Supporting Memorandum of Law and Defendant's Reply Memorandum in Further Support of Motion to Compel Arbitration, both attached hereto[1].  This motion and memorandum are filed in support of

---

[1] The motion and memorandum have federal court headings in their styles as they were submitted to the federal court while this case was removed to the United States District Court for the Southern District of Florida.  This case has since been remanded to this court.

-1-

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

Case No.: 99-018826

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION's right to have the issues of this case decided by arbitration, as set forth in the parties' agreement.

Respectfully submitted,

*(signature)*

John L. Urban
Florida Bar No.: 175307
Martens Dunaj Marlowe Davis & Marlowe
201 South Biscayne Boulevard
Suite 880, Miami Center
Miami, Florida 33131
(305) 373-9977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail and fax this ___ day of January, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

*(signature)*

John L. Urban