IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
          Plaintiff,

v.

          Case No. 00-6206-CIV-DAVIS

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION,
formerly known as, BORG-WARNER
PROTECTIVE SERVICES CORPORATION,
a Delaware corporation,
          Defendant.
_____/

## PLAINTIFF'S MOTION TO DISMISS SECOND NOTICE OF REMOVAL FOR LACK OF JURISDICTION AND MOTION TO REMAND AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Prestige Protective Corporation, brings this Motion To Dismiss Second Notice of Removal for Lack of Jurisdiction and Motion to Remand , (this Motion is directed to this issue only, Plaintiff has also filed a Motion to Remand on other grounds), and as just cause therefore would show the court as follows:

The defendant, Burns International Security Services Corporation, has filed a Notice Of Removal of this action which was pending in the Circuit Court of Broward County, Florida. This is the second Notice Of Removal which the defendant has filed in this case. Its first Notice Of Removal was filed November 23, 1999. That case was assigned to Judge Zloch of the United States District Court, Southern District of Florida, case number 99-7561-CIV-Zloch. Pursuant to that Notice Of Removal each party submitted full and extensive memoranda of law in support of their positions. Judge Zloch issued a "Final Order Of Remand" on December 29, 1999 (a copy of this order is attached hereto).

1



Judge Zloch ordered that "the above-styled cause is REMANDED to the state forum

for further proceedings in that this Court lacks subject matter jurisdiction" (emphasis added,

Order, page 4-5).

Pursuant to well established federal law, Judge Zloch's "Final Order Of Remand"

is not subject to review by this court, or any other. A remand order based upon a lack of

"subject matter jurisdiction" may not be reconsidered in any forum. The controlling statute

is 28 U.S.C. sec.1447(d) which provides:

> An order remanding a case to the State court from
> which it was removed is not reviewable on appeal or
> otherwise, except that an order remanding a case to
> the State court from which it was removed pursuant to
> section 1443 of this title shall be reviewable by appeal
> or otherwise.

This subsection is to be read in conjunction with subsection 28 U.S.C. sec.1447(d).

The court explained these sections in Ariail Drug Co., Inc v. Recomm International Display,

Inc., 122 F.3d 930 (11th Cir. 1997):

> This ban on review includes only reasons for
> remand mentioned in section 1447(c). Title 28
> U.S.C. sec. 1447 (c) provides in relevant part:
>
>> (c) a motion to remand the case on the basis of
>> any defect [other than the lack of subject matter
>> jurisdiction] must be made within 30 days after
>> the filing of the notice of removal under section
>> 1446 (a). If at any time before final judgment it
>> appears that the district court lacks subject
>> matter jurisdiction, the case shall be remanded.
>
> Consequently, this court lacks jurisdiction to review
> remand orders in which the district court premises
> remand on either a lack of subject matter
> jurisdiction or procedural defects in removal.

(citations omitted, emphasis added).

In <u>Harris v. Blue Shield/Blue Cross of Alabama, Inc.</u>, 951 F.2d 325 (11th Cir. 1992), the court emphasized that this ban on review applied to the district court as well. "Thus, if the trial judge remands because the court 'lacks subject matter jurisdiction', as specified in section 1447(c), his order is not subject to review in this court by appeal, mandamus, or otherwise...As demonstrated in the preceding section, this court has no jurisdiction to review the remand order.... Similarly, the district court had no jurisdiction to review the remand order... 'Unquestionably, [section 1447(d)] not only forecloses appellate review, but also bars reconsideration... by the district court [of its own remand order]' ". The court also noted that when "the remand order was based on the jurisdictional grounds contained in 28 U.S.C. sec. 1447(c), review by this court is foreclosed under section 1447(d) even if the district court erred". (951 F.2d at 328, fn. 4). See also, <u>In Re Loudermilch</u>, 158 F.3d 1143, 1145 (11th Cir. 1998), "Section 1447(d) limits the authority of the federal district and appellate courts to review remand orders.' If the lower court acted on the basis of section 1447(c), review is barred whether or not that order might be deemed erroneous by an appellate court' ". Accord, <u>Brierly v. Alusuisse Flexible Packaging, Co.</u>, 184 F.3d 531 (6th Cir. 1999); <u>In Re Lowe</u>, 102 F.3d 735 (4th Cir. 1996).

In the present case, Judge Zloch's "Final Order Of Remand" was on the basis of a lack of "subject matter jurisdiction". Therefore, there can be no question of the fact that his order is not subject to review. Upon Judge Zloch's Order, the federal court was divested of all jurisdiction in this case. Therefore, this court has no jurisdiction to consider defendant's second notice of removal. "The district court has one shot, right or wrong...For the foregoing reasons we hold that neither this court nor the district court has jurisdiction to review the remand order". <u>Harris v. Blue Shield/Blue Cross of Alabama, Inc.</u>, 951 F.2d 325, 330 (11th Cir. 1992).

3

Wherefore, plaintiff respectfully requests that defendant's second Notice of Removal be dismissed for lack of jurisdiction and this case be remanded to the Circuit Court of Florida, Broward County and that plaintiff be awarded attorney's fees as set forth in its accompanying Motion For Attorney's Fees.

Respectfully submitted,

ROBERT PASIN
Attorney for the Plaintiff
3300 University Drive, Suite 601
Coral Springs, Florida 33065
954-345-0662
954-345-3902 (fax)
Florida Bar No. 341312

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by mail on this

22 day of February, 2000, to Sherryll Martens Dunaj, of Martens Dunaj, Marlowe, Davis

& Marlowe, 201 South Biscayne Blvd., Miami Center suite 880, Miami, Florida, 33131.

ROBERT PASIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-7561-CIV-ZLOCH



PRESTIGE PROTECTIVE CORP.,
a Florida Corporation,

        Plaintiff,

vs.                                        <u>FINAL ORDER OF REMAND</u>

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION, formerly
known as, BORG-WARNER PROTECTIVE
SERVICES CORPORATION,
a Delaware corporation,

        Defendant.
_____/

    THIS MATTER is before the Court upon the Plaintiff, Prestige
Protective Corp.'s Motion To Remand (DE 3) and the Defendant, Burns
International Security Services Corporation's, Notice of Removal
(DE 1) filed herein by the Defendant for removal of the
above-styled cause to the United States District Court, Southern
District of Florida, and the Court having carefully reviewed the
allegations of the Complaint, having carefully reviewed the court
file, and being otherwise fully advised in the premises, it is

    **ORDERED AND ADJUDGED** that the Plaintiff, Prestige Protective
Corp.'s Motion To Remand (DE 3) be and the same is hereby **GRANTED**.

    The Notice Of Removal (DE 1) is premised upon this Court's
diversity jurisdiction pursuant to Title 28 U.S.C. § 1332. Whether
an action filed in state court may properly be removed to Federal
Court is to be determined from the record at the time the Notice Of

Removal is filed.  Pullman Company v. Jenkins, 305 U.S. 534 (1939).
Because removal is only permissible when plaintiff's claim could
have been filed in federal court originally, we must look to
plaintiff's claim to determine whether removal was appropriate.
Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir.
1994).  When diversity of citizenship is the basis of Federal
jurisdiction, it must be found to exist at the time the Complaint
was filed.  OJB, Inc. v. Dowell; A Division of Dow Chemical Co.,
650 F. Supp. 42 (N.D. Tex. 1986); Portis v. Sears, Roebuck & Co.,
621 F. Supp. 682 (E.D. Mo. 1985); See generally, 14A C. Wright, A.
Miller & E. Cooper, Federal Practice and Procedure, Section 3723
(1985).  It is clear from the record that at the time the Complaint
was filed the allegations of the Complaint were insufficient to
satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity
of citizenship as to Plaintiff and Defendant is not apparent on the
face of the Complaint.  The Complaint alleges only that:

> 1.    Plaintiff, Prestige Protective Corporation, (Prestige) is
> an active Florida corporation, with its principal place of
> business located in Broward county, Florida.
>
> 2.    Defendant, Burns International Security Services
> Corporation (Burns), is a foreign corporation authorized to do
> business in the state of Florida and doing business in Broward
> county, Florida. . .

A corporation has dual citizenship for diversity purposes: a
corporation is a citizen of any state by which it has been
incorporated and a citizen of the state in which the corporation

2

incorporated and a citizen of the state in which the corporation has its principal place of business. Hence, it is necessary both to plead the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity jurisdiction exists. <u>See</u> 13B C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, Section 3624 (1984). The Complaint filed herein lacks any allegation regarding the state or states in which the Defendant is incorporated or the state in which it has its principal place of business. Therefore, the diversity of citizenship requirements have not been satisfied.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365 (1978). Further, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d at 1095; <u>see also</u> <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108 (3rd Cir. 1990); <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433 (11th Cir. 1983).

3

Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984).

The Court recognizes that current trends in the law favor expanded Federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of Federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of Federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state

4

forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99018826.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _29th_ day of December, 1999.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Robert Pasin, Esq.
For Plaintiff

Sherryll Martens Dunaj, Esq.
For Defendant

Clerk, Circuit Court
Broward County, Florida
Case No. 99018826

5