FILED BY _____

March 01

00 ~~FEB 30~~ AM 8:48

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
        Plaintiff,

v.                                                                 Case No. 00-6206-CIV-DAVIS

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION,
formerly known as, BORG-WARNER
PROTECTIVE SERVICES CORPORATION,
a Delaware corporation,
        Defendant.
_____/

## PLAINTIFF'S MOTION FOR ATTORNEYS FEES

    Plaintiff, Prestige Protective Corporation, brings this Motion For Attorneys Fees pursuant to 28 U.S.C. sec.1447(c), and as just cause therefore would show the court as follows:

    The defendant has filed a second "notice of removal" in this case. Defendant's first notice of removal resulted in a "Final Order of Remand" from Judge Zloch (a copy of this order is attached hereto). In its second notice of removal, and supporting memorandum, defendant repeatedly misrepresents the letter and spirit of Judge Zloch's Order. This is fully set forth and documented in plaintiff's motion for sanctions which has been filed. Defendant has attempted to rewrite Judge Zloch's remand order. Judge Zloch specifically stated in his order "it is <u>clear</u> from the record..." (Order, page 2). Despite this, defendant has represented to this court that Judge Zloch made his decision to remand because the record was "premature" or "insufficient". There can be no excuse for these misrepresentations. Judge Zloch's Order is clear and concise.





Defendant's second notice of removal is also without justification in that 28 U.S.C. 1447(d) precludes subsequent attempts at removal once a federal court remands a case due to lack of subject matter jurisdiction. This issue is more thoroughly addressed in plaintiff's Motion To Dismiss Second Notice Of Removal For Lack Of Jurisdiction which has been filed. In <u>Harris v. Blue Shield/Blue Cross of Alabama Inc.</u>, 951 F.2d 325 (11th Cir.1992), citing <u>Three J. Farms Inc. v. Alton Box Board Co.</u>, 609 F.2d 330 (4th Cir.1979), cert denied, 445 U.S. 911 (1980), the court said:

> Unquestionably, [section 1447 (d)] not only forecloses appellate review, but also bars reconsideration... by the district court [of its own remand order]... Removal in diversity case [sic], to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of the principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court... There is no more reason for a district court to be able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase "on appeal or otherwise" [in section 1447 (d)]. The district court has one shot, right or wrong.

Defendant has filed a notice of removal for which there is no jurisdiction in this court.

Finally, defendant's second notice of removal is untimely. Pursuant to 28 U.S.C. 1446(b), upon which defendant relies, a notice of removal must be filed within 30 days after "receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable...". As plaintiff more fully set forth in its motion for sanctions, defendant's reliance upon this section is specious. First, the "documents" which defendant is suggesting constitutes the "other paper" are documents which defendant itself has

created, such as affidavits of its own corporate officers. Second, defendant would ask the court to conclude that the "receipt" of papers contemplated in the above statute is satisfied when a defendant receives such documents from itself. Defendant's so-called "papers" are affidavits which it "received" from itself.

Defendant's second notice of removal is deliberately misleading, untimely and frivolous.

Wherefore, plaintiff respectfully requests that the court order defendant to pay plaintiff's attorney's fees incurred in these proceeding.

                                            ROBERT PASIN
                                            Attorney for the Plaintiff
                                            3300 University Drive, Suite 601
                                            Coral Springs, Florida 33065
                                            954-345-0662
                                            954-345-3902 (fax)
                                            Florida Bar No. 341312

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by mail on this 22 day of February, 2000, to Sherryll Martens Dunaj, of Martens Dunaj, Marlowe, Davis & Marlowe, 201 South Biscayne Blvd., Miami Center suite 880, Miami, Florida, 33131.

ROBERT PASIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-7561-CIV-ZLOCH

PRESTIGE PROTECTIVE CORP.,
a Florida Corporation,

        Plaintiff,

vs.

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION, formerly
known as, BORG-WARNER PROTECTIVE
SERVICES CORPORATION,
a Delaware corporation,

        Defendant.
_____/



**FINAL ORDER OF REMAND**

THIS MATTER is before the Court upon the Plaintiff, Prestige Protective Corp.'s Motion To Remand (DE 3) and the Defendant, Burns International Security Services Corporation's, Notice of Removal (DE 1) filed herein by the Defendant for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Plaintiff, Prestige Protective Corp.'s Motion To Remand (DE 3) be and the same is hereby **GRANTED**.

The Notice Of Removal (DE 1) is premised upon this Court's diversity jurisdiction pursuant to Title 28 U.S.C. § 1332. Whether an action filed in state court may properly be removed to Federal Court is to be determined from the record at the time the Notice Of

Removal is filed. <u>Pullman Company v. Jenkins</u>, 305 U.S. 534 (1939). Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the Complaint was filed. <u>OJB, Inc. v. Dowell; A Division of Dow Chemical Co.</u>, 650 F. Supp. 42 (N.D. Tex. 1986); <u>Portis v. Sears, Roebuck & Co.</u>, 621 F. Supp. 682 (E.D. Mo. 1985); <u>See</u> generally, 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, Section 3723 (1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Complaint. The Complaint alleges only that:

> 1. Plaintiff, Prestige Protective Corporation, (Prestige) is an active Florida corporation, with its principal place of business located in Broward county, Florida.
>
> 2. Defendant, Burns International Security Services Corporation (Burns), is a foreign corporation authorized to do business in the state of Florida and doing business in Broward county, Florida. . .

A corporation has dual citizenship for diversity purposes: a corporation is a citizen of any state by which it has been incorporated and a citizen of the state in which the corporation

2

incorporated and a citizen of the state in which the corporation has its principal place of business. Hence, it is necessary both to plead the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity jurisdiction exists. See 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3624 (1984). The Complaint filed herein lacks any allegation regarding the state or states in which the Defendant is incorporated or the state in which it has its principal place of business. Therefore, the diversity of citizenship requirements have not been satisfied.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d at 1095; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983).

Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984).

The Court recognizes that current trends in the law favor expanded Federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of Federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of Federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state

4

forum for further proceedings in that this Court lacks subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99018826.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of December, 1999.

```
                                    WILLIAM J. ZLOCH
                                    United States District Judge
```

Copies furnished:

Robert Pasin, Esq.
For Plaintiff

Sherryll Martens Dunaj, Esq.
For Defendant

Clerk, Circuit Court
Broward County, Florida
Case No. 99018826

5