**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  00-6206-CIV-ZLOCH

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,

        Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION.,
formally known as,
BORG-WARNER PROTECTIVE
SERVICES CORP., a Delaware corporation,

        Defendant

_____/

NIGHT BOX
FILED
MAR 9 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF PRESTIGE'S MOTION FOR ATTORNEYS FEES AND SEPARATE MOTION FOR ATTORNEYS FEES AS SANCTIONS FOR FAILURE TO COMPLY WITH LOCAL RULE 7.3 REQUIREMENTS

Defendant BURNS INTERNATIONAL SECURITY SERVICES CORPORATION,

f/k/a BORG-WARNER PROTECTIVE SERVICES CORPORATION, by its undersigned

counsel, in accordance with Local Rule 7.3, respectfully moves this Court for entry of its

Order striking (and/or denying in insufficient under Local Rule) Plaintiff PRESTIGE

PROTECTIVE SERVICES' two Motions seeking recovery of attorneys fees in

connection with its several Motions pertaining to the removal of this action for their

failure to comply with Local Rule 7.3, which provides as follows:

> Any motion for attorneys fees and/or to tax costs must
> specify: the judgment and the statute, rule or other grounds
> entitling the moving party to the award; must state the
> amount or provide a fair estimate of the amount sought;

-1-

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

shall disclose the terms of the agreement with respect to fees....; <u>shall be supported with particularity</u>; <u>shall be verified</u>; and shall be filed and served within 30 days of entry of Final Judgment or other appealable order....<u>Any such motion shall be accompanied by certification that counsel has fully reviewed the time records and supporting data</u> and that the motion is well grounded in fact and justified. In addition, counsel filing the motion shall confer with counsel for the opposing party and <u>shall file with the court, within three days of the motion, a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort</u> to resolve by agreement the motion, the results thereof, and whether a hearing is requested (emphasis added).

The titles of the two Motions to which this Motion to Strike is directed are: "Motion for Attorneys Fees" and "Plaintiff's Motion to Transfer to Judge Zloch, Motion to Strike, and Motion for Sanctions."

Neither of these motions, to the extent they seek attorneys fees, in any way comply with the strictures of the Local Rule on motions for attorneys fees.

To begin with, the motions are not verified. Moreover, the motions are not supported "with particularity" and do not "state the amount of or provide a fair estimate of the amount sought." The motions do not contain the mandatory Local Rule certification stating that counsel for Plaintiff has conferred with the undersigned, and, in fact, no such conference ever occurred.

In sum, the Motion for Attorneys Fees and that portion of the second motion that moves for fees as sanctions should both be denied for failure to comply with the Local Rule requirements or the Motions should be stricken for their non-compliance.

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

Respectfully submitted,

*[signature]*

Sherryll Martens Dunaj
Florida Bar No.: 136707
John L. Urban
Florida Bar No.: 175307
Martens Dunaj Marlowe Davis & Marlowe
201 South Biscayne Boulevard
Miami Center/Suite 880
Miami, Florida 33131
(305) 373-9977
(305) 373-8877 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this ___9___ day of March, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

*[signature]*

Sherryll Martens Dunaj

-3-