**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 00-6206-CIV-ZLOCH

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
        Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES CORP., formally known as
BORG-WARNER PROTECTIVE
SERVICES CORP., a Delaware
corporation,
        Defendant

_____/

NIGHT BOX
FILED

MAR 9 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / F.TL

**DEFENDANT'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF PRESTIGE PROTECTIVE'S MOTIONS TO REMAND, TO "DISMISS"
NOTICE OF REMOVAL, TO STRIKE NOTICE OF REMOVAL (AND TO TRANSFER)[1],
AND FOR ATTORNEYS FEES OR SANCTIONS**

In piecemeal fashion, Plaintiff PRESTIGE PROTECTIVE SERVICES has filed four

separate motions in response to the removal of this suit, each to a greater or lesser degree

repetitious of the other and all addressing the matter of Defendant's removal of this suit.

The four motions are redundant. All four of the motions are in effect Motions to Remand.[2]

All four complain about the very same thing: that this dispute has been removed to this

Court, after having once before been removed upon what this court determined was an

---

[1]That aspect of Plaintiff's multiple filings that constitutes a "motion to transfer" is
moot, as Defendant upon filing this action filed a Local Rule 3.9 Notice, and the suit has
since been transferred by Order dated February 23, 2000.

[2]See separate section below responding to the Motions for fees or sanctions.

-1-

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

"initial pleading" and record that did not fully demonstrate the complete diversity of citizenship between these two corporate parties.[3] Plaintiff takes the position that where a removal is based upon an "initial pleading" that does not contain all diversity elements and is consequently deemed by the Court as not removable on that record (i.e. where removability is not fully demonstrated upon the "initial pleading"), and where that removal is made upon a record that the court finds does not demonstrate every element of diversity and a consequent remand occurs, there can never ever again be a removal of the same suit. Plaintiff PRESTIGE argues that once remanded the removing party is "collaterally estopped" from ever attempting to remove "if the case stated by the initial pleading is not removable." That argument, however, overlooks the plain wording of §1446(b), which may contemplate examination only of the initial pleading in the first instance but which also anticipates that "other papers" may later be "received" by the defendant and that the case not initially removable can become so later (see full statute quoted below).[4] Plaintiff PRESTIGE now moves to remand, and also separately moves "to dismiss the removal," espousing the view that a removal upon a fuller record once the defendant receives

---

[3]Plaintiff PRESTIGE moved to remand this suit when it was previously removed under Case number 99-7561-Civ-Zloch, upon the basis that the principal place of business of the Defendant BURNS, formerly BORG-WARNER, was not apparent from the complaint and contracts attached to the complaint.

[4]In this District, it appears that there is some a divergence of views on the subject of "initial" removability and to what the District Court is to look to determine jurisdiction upon an initial removal, as demonstrated by the discussion contained in District Judge Paine's decision, Woolard v. Heyer-Schulte, 791 F.Supp. 294 (S.D. Fla. 1994).

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

§1446(b) "other papers" is not permitted.[5] This argument is made notwithstanding the clear

language contained in Title 28 U.S.C. §1446(b), as follows:

> If the case stated by the initial pleading is not removable, a
> <u>notice of removal may be filed within thirty days after receipt by</u>
> <u>the defendant</u> through service <u>or otherwise</u> of a copy of an
> amended pleading, motion, order, <u>or other paper from which</u>
> <u>it may first be ascertained that the case is one which is or had</u>
> <u>become removable</u>,[6] except that a case may not be removed
> on the basis of jurisdiction conferred by section 1332 of this
> title more than 1 year after commencement of the action
> (emphasis added).[7]

In this instance, Plaintiff PRESTIGE first, initially previously moved to remand

and argued that while all other elements were shown on the face of its "initial pleading"

---

[5]The "other papers" are Affidavits showing that the principal place of business of Defendant is the State of New Jersey, the only diversity element that Plaintiff argued was not established by its own "initial pleading." Under §1446(b), "other papers" for establishing removability is a term that "is broad enough to include any information received by the defendants, whether communicated informally or formally." <u>Yarnevic v. Brink's Inc.</u>, 102 F.3d 753, 755 (4th Cir. 1996). Depositions, discovery, even a settlement letter or other correspondence can constitute "other papers" under the statute. <u>See Golden v. Dodge-Markham Co.,</u> 1 F.Supp. 2d 1360 (M.D. Fla. 1998); Golden <u>Apple Management v. GEAC Computers</u>, 990 F.Supp. 1364 (M.D. Ala. 1998) and cases cited therein at 1366.

[6]PRESTIGE also argues that this removal is untimely. That argument is without merit. Section 1446(b) allows removal within 30 days of defendant's receipt of that "other paper" [here the affidavits] that demonstrates that the case "is one which is or has become removable." The affidavits filling in the missing element (principal place of business) are both dated January 11, 2000. While those affidavits were filed of record and served later, on January 25, this removal was effected within 30 days of the dates of the two affidavits execution, on February 10, 2000. As well-explained in <u>Fleming v. Colonial Stores, Incorporated</u>, 279 F.Supp. 933 (M.D. Fla. 1968), "as long as the claim is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running of the time for removal," citing and quoting from §1446(b).

[7]Suit was first commenced on November 3, 1999.

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

(i.e. the diverse states of incorporation of the two corporate defendants [Florida and Delaware], the principal place of business of Plaintiff Prestige [Florida], and that the amount in controversy well exceeds $75,000 exclusive of interest and costs).  The remand order in Case number 99-7561-Civ-Zloch upon Plaintiff's motion was accordingly entered.   A copy of that Order is attached to every one of Plaintiff PRESTIGE's several redundant motions addressing this removal.  Under that order, this case was remanded in December 1999, because, as the Order states, "a review of the complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the complaint" (i.e. "initial pleading").

Thereafter, Defendant received, filed and served the supplemental affidavits of John Moriarty, Vice President, and Diana Bligh, Assistant Secretary, demonstrating that the principal place of business of Defendant BURNS is the State of New Jersey (and completing thereby the diversity element which Plaintiff said was missing).[8]  These Affidavits constituted "receipt by the Defendant by service or otherwise" of an "other paper from which it may be first ascertained that the case is one which is or has become removable...," as provided in §1446(b), quoted above.  Hence, this removal upon this now complete record inclusive of the "other papers" demonstrating removability.

---

[8]Appended to the affidavit of Diana Bligh, Assistant Secretary, were multiple corporate records of BURNS, as filed in various states in this country, all showing that Defendant BURNS is incorporated in Delaware and that its principal place of business is in the State of New Jersey.

**PLAINTIFF'S VARIOUS ARGUMENTS**–PRESTIGE'S four motions, all addressing this

removal, contain the following various arguments:[9] 1) "collateral estoppel" and "res

judicata" as this action upon a lesser record was remanded in December 1999; 2)

timeliness of this removal; 3) lack of jurisdiction; 4) waiver, arguing that Defendant

separately filed a Motion to Compel Arbitration and Motion to Dismiss and that the

motion constituted some form of "waiver" vis a vis removal; 5) failure to meet the burden

of establishing diversity, 6) the "initial complaint" did not plead the principal place of

business of Defendant BURNS; 7) a remand order is generally non-appealable and not

subject to a motion for reconsideration as upon remand the court loses jurisdiction.[10]

-----

[9]See separate section at the end of this Omnibus Memorandum on those
portions of Plaintiff's several Motions to the extent they claim attorneys fees and
sanctions.

[10]Plaintiff PRESTIGE also moves for attorneys fees, citing the removal statute,
28 U.S.C. §1447(c), and no other authority for this proposition that attorneys fees are
here appropriate.  Instead, in this one of the Plaintiff's quadruplet motions addressing
the removal of this action, Plaintiff submits that which is not disputed: a remand order is
generally non-appealable and once remanded the court loses jurisdiction to consider
anything upon "rehearing."  Defendant BURNS does not disagree that this is the law.
But, Defendant's new removal of this suit under this Case number, made upon a further
developed record, is neither an "appeal" of the December 1999 Order of Remand in
Case number 99-7561-Civ-Zloch, nor a request that the court "reconsider" that previous
remand order under the previous case number and upon the "initial complaint."  The
case cited by Plaintiff in its attorneys fee motion, Harris v. Blue Cross Blue Shield, 951
F.2d 325 (11th Cir. 1992) does not stand for the proposition that Plaintiff is here entitled
to attorneys fees.   Harris holds only that which is without dispute: that generally
remand orders cannot be reviewed by Circuit Courts on appeal or upon mandamus.   In
Harris, after the District Court remanded a removed case, it "reconsidered" its decision
to remand, re-exercised jurisdiction over the claim, a Federal question suit, and
proceeded to rule upon pending summary judgment motions.  The Harris court correctly
held that once the remand order was entered the judicial labors in that matter ended.  In
Harris, the court also cites and quotes from a 4th Circuit decision, Three J Farms v.
Alton Box Board (4th Cir. 1980) to the same effect.  Those decisions are inapposite to
these procedural facts, however.  Here, upon the receipt and submission of the "other

-5-

Defendant BURNS does not dispute that the removing party carries the burden of proof to come forward with evidence to support removal–that it has now done by meeting the concerns this Court addressed based solely upon the "initial pleading." McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936); Fowler v. Safeco Ins. Co. of America, 915 F. 2d 616, 617 (11th Cir. 1990). "[T]he key to the[ federal court house] door is an affirmative showing by he who seeks entry of all the requisite factors of diversity jurisdiction...at the time that removal is attempted." Gaitor v. Penninsular & Occidental Steamship Co., 287 F. 2d 252, 253 (5th Cir. 1961). This Court did not deem that the burden had been met when the action was removed upon the "initial pleading" alone, and, hence, in order to satisfy the burden Defendant BURNS has supported the removal with the Affidavits, made part of this record after remand but within 30 days of this removal. See Fowler at 617 ; B Inc. v. Miller Brewing Co., 663 F. 2d 545, 549 (5th Cir. 1981); Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1078 (M.D.Fla. 1978).[11]

_____

papers" contemplated by the statute, this action was removed a second time, upon a fuller record which now shows that if not initially removable, the case surely is now removable and jurisdiction is now certainly shown.

[11]When determining the principal place of business of a corporation with far flung operations, such as this Defendant, BURNS, the court looks to the location of the corporation's nerve center. O'Connor v. Kawasaki Motors Corporation, U.S.A., 699 F. Supp. 1538, 1541 (S.D.Fla. 1988); J.A. Olson Co. v. City of Winona, 818 F. 2d 401 (5th Cir. 1987); Anniston Soil Pipe Co. v. Central Foundry Co., 216 F. Supp. 473 (N.D. Ala. 1963), affirmed 329 F. 2d 313 (5th Cir. 1964). Here, the Affidavits of Diana Bligh and John Moriarty and the state corporate filings submitted with the Bligh Affidavit demonstrate that the nerve center is in Parsippany, New Jersey, the "center of operations for coordinating daily activities of the entire corporation, including its accounting, payroll, purchasing, and communications functions." The company's 280 offices in 49 states are all run from its New Jersey headquarters [Bligh Affidavit ¶'s 4 and 5]. Those state corporate filings of BURNS that ask for the location of its principal place of business all also show that its center of operations is in New Jersey [attached

-6-

This is certainly not the first or only action that has been removed, remanded and then removed a second time upon a fuller and complete record where the jurisdictional defects have been cured.  See, for example, IMFC Professional Services of Florida, Inc. v. Latin American Home Health, 676 F.2d 152 (5th Cir. 1982),[12] where the suit was removed and after removal various parties were dropped from the suit and as a consequence the suit was remanded.  Thereafter, an intervenor was joined in the suit as a party and the case was removed a second time.  On appeal from rulings upon other dispositive motions in that suit, the 5th Circuit first examined jurisdictional issues and held  that notwithstanding the first remand order, "there was initially jurisdiction for the second [defendant] HHS removal." The court in fact observed that "the second removal was initially proper...." See also In re Loudermilch, 158 F.3d 1143 (11th Cir. 1998) (ERISA removal and second removal, ultimately remanded).  When PRESTIGE argues that a remand cannot be appealed, it is mixing apples with oranges; when it argues that the remand based upon the bare bones "initial pleading" means that nothing can ever be filed or received by defendant that can make a case not "initially removable" removable, it is not reading the plain words of §1446(b).

Likewise, Plaintiff is simply wrong when it urges that somehow removal was "waived" when this Defendant filed its response to Plaintiff's Complaint, a motion to compel

_____

to the Bligh Affidavit].  Plaintiff PRESTIGE cannot  dispute this fact in good faith, particularly when it is recognized that this dispute arises out of Plaintiff's sale of its business operations to BURNS, an event that was preceded by Plaintiff's own due diligence of Defendant BURNS.

[12]The decision while published in 1982 was made under the former 5th Circuit jurisdiction inclusive of Florida.

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

arbitration and to dismiss.  That motion to compel arbitration was first filed in this court

under Case no. 99-7561-Civ, and when the case was remanded, Defendant merely

submitted to the State Court that which it had filed herein, under a notice of filing.  Plaintiff

attaches that Notice of Filing to one of its four-part Motion.  The attachment shows on its

face that Defendant was merely filing its pleading response of record before the State

Court.  This very kind of argument was made in this District in Somoano v. Ryder Systems,

Inc., 985 F.Supp. 1476 (S.D. Fla. 1997) (Moreno, J.).  The court in Somoano stated the

issue as follows: "whether remand is appropriate when a defendant files a motion to

dismiss in state court but takes no further action that would indicate an intent to make

affirmative use of the state court process."  The court answered the question posed in the

negative and found that under those circumstances (which are the circumstances here),

there was no waiver of removability.  "[A] defendant whose sole action in the state court

is the filing of the motion to dismiss has not indicated any intent to waive its right to

proceed in the federal forum." Judge Moreno cited in Somoano another decision from this

District: Miami Herald Pub. Co. v. Ferre, 606 F.Supp. 122, 124 (S.D. Fla. 1986), holding

that neither defending a preliminary injunction motion nor filing an answer and affirmative

defenses in state court will be deemed sufficient to waive the right to removal.  And see,

Pease v. Medtronic, Inc., 6 F. Supp. 1354, 1359 (S.D.Fla. 1998) (merely filing a motion to

dismiss, without noticing it for hearing).  The waiver argument has no validity.

**THE MOTIONS FOR ATTORNEYS FEES AND SEEKING SANCTIONS**--Two of the

PRESTIGE Motions also seek sanctions by an award of attorneys fees (Plaintiff's "Motion

to Transfer, to Strike, and for Attorneys Fees" and Plaintiff's Motion for Attorney's Fees").

Defendant does not agree that this action was improperly removed and has responded to the many issues raised by Plaintiff's several Motions. But even assuming arguendo that the variously stated Motion to Remand is granted, there is no basis for the award of fees or sanctions. This Defendant has done nothing that is sanctionable as Plaintiff PRESTIGE argues. Defendant has conformed to and met the wording of the removal statute, §1446(b), and has met the defects upon which the case was before remanded—that the "initial pleading" record then did not demonstrate the diverse New Jersey principal place of business of the Defendant BURNS. The record by "other papers" demonstrates that element now, however.

Defendant recognizes that §1447(c), cited by Plaintiff in one of its two motions seeking fees or costs, provides that the Court may in its discretion award costs or attorneys fees where a suit is improvidently removed, but exercise of that discretion is not mandatory under the statute. Valdes v. Wal-Mart, 199 F.3d 290 (5th Cir. 1998). Such a discretionary sanction is in fact ordinarily "triggered only if the court finds first that the Defendant's decision to remove was 'legally improper.'" Miranti v. Lee, 3 F.3d 925, 929 (5th Cir. 1993). "An award of attorneys fees is inappropriate where defendant's attempt to remove is fairly supportable." Schmitt. V. Insurance Company of North America, 845 F.2d 1546, 1552 (9th Cir. 1988). The Plaintiff's motions requesting fees should be denied upon the foregoing alone, as this Defendant has carefully complied with and followed the removal statute, and when the action was remanded because the "initial pleading" did not demonstrate diversity to this Court's satisfaction, Defendant received the necessary "other papers" to fill the missing element of principal place of business, as contemplated by §1446(b).

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

Plaintiff PRESTIGE's Motions seeking fees as sanctions or under §1447(c) should be denied for yet another procedural reason, however. The Motions fail to comply with Local Rule 7.3, which provides in pertinent part as follows:

> Any motion for attorneys fees and/or to tax costs must specify: the judgment and the statute, rule or other grounds entitling the moving party to the award; must state the amount or provide a fair estimate of the amount sought; shall disclose the terms of the agreement with respect to fees....; shall be supported with particularity; shall be verified; and shall be filed and served within 30 days of entry of Final Judgment or other appealable order....Any such motion shall be accompanied by certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified. In addition, counsel filing the motion shall confer with counsel for the opposing party and shall file with the court, within three days of the motion, a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the motion, the results thereof, and whether a hearing is requested (emphasis added).

Plaintiff PRESTIGE's two motions that seek attorneys fees and sanctions do not conform to these Local Rule requirements. The motions are not verified. The motions are not stated with particularity. The motions do not include specification of the amount of fees or the basis for the claim of fees and are not supported as the Local Rule mandates. Neither do the motions contain the required certification of conference with counsel (and no such conference in fact occurred or was attempted by Plaintiff's counsel). For this reason too the attorneys fee aspect of the Plaintiff's multiple motions going to the removal should be denied.[13]

---

[13]See Defendant's separate Motion to Strike Plaintiff's Motions for Attorneys Fees and Motion for Sanctions for Failure to Comply with Local Rule 7.3.

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977

**CONCLUSION**--The record clearly supports removal of this case  and this record now provides all of the requisite elements of diversity--the States of incorporation of the two corporate parties, their principal places of business, and that the amount in suit is well more than $75,000, exclusive of interest and costs.  Complete diversity exists.  Plaintiff is incorporated in and has its principal place of business in the State of Florida (as alleged in the Plaintiff's complaint); Defendant is incorporated in the State of Delaware (also as alleged in Plaintiff's complaint); Defendant's principal place of business is in the State of New Jersey (as shown by the Affidavits, the "other papers"); and the amount in suit is more than $75,000 exclusive of interest and costs (as shown in the complaint and its exhibits).

Defendant BURNS has met its burden as to  of the requirements for establishing 28 U.S.C. §1332 diversity jurisdiction and has timely filed its notice of removal within 30 days of its receipt of the Affidavits which supplemented this record.

Plaintiff's various motions all seeking remand of this suit should be denied upon the foregoing.  The motions seeking attorneys fees and/or sanctions should likewise be denied (or upon Defendant's separate Motion, they should be stricken under Local Rule 7.3).

Respectfully submitted,

Sherryll Martens Dunaj
Florida Bar No.: 136707
John L. Urban
Florida Bar No.: 175307
MARTENS DUNAJ MARLOWE
DAVIS & MARLOWE
201 South Biscayne Boulevard
Miami Center, Suite 880
Miami, FL 33131
(305) 373-9977

-11-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this___9___day of March, 2000 to: **Robert Pasin,** Attorney for Plaintiff, 3300 University Drive, Suite 601, Coral Springs, Florida 33065.

Sherryll Martens Dunaj

-12-

Martens Dunaj Marlowe Davis & Marlowe
Miami Center Suite 880 • 201 South Biscayne Boulevard • Miami, Florida 33131 • (305) 373-9977