UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6206-CIV-ZLOCH

PRESTIGE PROTECTIVE CORP.,

    Plaintiff,

vs.

**FINAL ORDER OF REMAND**

BURNS INTERNATIONAL SECURITY
SERVICES CORP., formerly
known as BORG-WARNER PROTECTIVE
SERVICES CORP., a Delaware
corporation,

    Defendant.
_____/



FILED by ___ D.C.
MAR 1 5 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

THIS MATTER is before the Court, sua sponte, and upon the Defendant, Burns International Security Services Corporation's Notice of Removal (DE 1), and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed this court file, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Notice of Removal (DE 1) filed herein by the Defendant, Burns International Security Services Corporation, be and the same is hereby **DENIED**.

On December 29, 2000, this Court entered a Final Order of Remand in Case No. 99-7561-CIV-ZLOCH which remanded this matter to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99-018826-CACE-14 because the requisite amount in controversy and citizenship allegations to



establish diversity jurisdiction were not apparent at the time the Complaint was filed.

The Court finds no reason to overturn its previous Final Order Of Remand by allowing removal at this time. 28 U.S.C. § 1446(b) states in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in a court and is not required to be served on the defendant, whichever period is shorter.

The Defendant, Burns International Security Services Corporation, formerly known as Borg-Warner Protective Services Corporation, removed Case No. 99-7561-CIV-ZLOCH to the United States District Court, Southern District of Florida on November 23, 1999. The Defendant's Notice of Removal (DE 1) in Case No. 99-7561-CIV-ZLOCH reveals that the Defendant was served on November 4, 1999. The Defendant filed its Notice of Removal in the instant case on February 10, 2000, which is more than three (3) months after the service of initial process upon the Defendant.

In its Notice of Removal and attached Affidavits, the Defendant attempts to "supply" the mandatory jurisdictional allegations which are missing from the face of the Plaintiff's Complaint, the absence of which formed the basis of the original remand of this matter in Case No. 99-7561-CIV-ZLOCH. To permit the Defendant to accomplish this would defeat the thirty-day time limitation for removal set forth in statutes conferring both

diversity and removal jurisdiction which are to be strictly construed. District courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365 (1978).

The reasons stated for strict construction of the removal statute are: (1) the exercise of removal is in derogation of state sovereignty; (2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; (3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and (4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. <u>Jasper v. Wal-mart Stores, Inc.</u>, 732 F.Supp. 104 (S.D. Fla. 1990); <u>Hill v. General Motors Corp.</u>, 657 F.Supp. 61 (S.D. Fla. 1987); <u>Richmond, F. & P. R. Co. v. Intermodal Services, Inc.</u>, 508 F.Supp. 804, 806-807 (E.D. Va. 1981).

This Court strictly construes the rule disallowing the amendment of the Notice of Removal after the expiration of the 30-day removal period. <u>See</u> <u>F. & L. Drug Corp. v. American Central Insur.Co.</u>, 200 F.Supp. 718 (D. Conn. 1961).

In addition to the Defendant's untimely removal, the Court notes that in its Final Order Of Remand entered in Case No. 99-7561-CV-ZLOCH, this Court stated the following:

> When diversity of citizenship is the basis of federal jurisdiction, it must be found to exist at the time the Complaint was filed. <u>OJB, Inc. v. Dowell; A Division of Dow Chemical Co.</u>, 650 F. Supp. 42 (N.D. Tex. 1986); <u>Portis v. Sears, Roebuck & Co.</u>, 621 F. Supp. 682 (E.D. Mo. 1985); <u>See</u> <u>generally</u>, 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, Section 3723

(1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

This Court found that a "review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Complaint."

The present Notice Of Removal (DE 1) again appears to be premised upon this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Notwithstanding the Defendant's assertion that based upon Affidavits which it created it has established diversity jurisdiction, the Court finds upon review of the Complaint, that the requisite diversity of citizenship as to the Plaintiff and the Defendant is still lacking.

As this Court noted in its previous Order:

> It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d at 1095; see also, Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983). Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).
> The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also

4

13 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>, Section 3522 (1984).

The Court notes that pursuant to 28 U.S.C. section 1447(c), this Court may, sua sponte, review this matter "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The Court recognizes that current trends in the law favor expanded Federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of Federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of Federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99-018826-CACE-14.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of March, 2000.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Robert Pasin, Esq.
For Plaintiff

Sherryll Martens Dunaj, Esq.
For Defendant

Clerk, Circuit Court Broward County, Florida
Case No. 99-018826-CACE-14