IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PRESTIGE PROTECTIVE CORP.,
a Florida corporation,
        Plaintiff,

v.

Case No. 00-6206-CIV-ZLOCH

BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION,
formerly known as, BORG-WARNER
PROTECTIVE SERVICES CORPORATION,
a Delaware corporation,
        Defendant.
_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S OMNIBUS MEMORANDUM AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Prestige Protective Corporation, hereby submits this reply in the response to defendant's "omnibus memorandum" and would show the court as follows:

Defendant continues to present a claim which is <u>completely unfounded</u>. This Court's Final Order of Remand is perfectly clear, and yet the defendant still insists on misstating the Court's finding and argues that the Order contains a conclusion which it plainly does not. Defendant clings to the notion that the Order was premised upon a finding that the record was incomplete. However, the Order itself, state's "<u>it is clear from the record</u> that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction". [Page two of the order]. Therefore, defendant's position is completely without merit. The Court's ruling was based upon the holding that the federal court lacked subject matter jurisdiction in this case. That finding should have ended [and in actuality did end] these proceedings. However, the defendant has



unjustifiably prolonged these matters causing the plaintiff to suffer considerable expense.

Defendant also argues that 28 U.S.C. 1446(b), which allows "other paper" to be considered for removal, includes material which has been created by the defendant itself. Logically, this makes no sense. It would allow a defendant to control the propriety and timing of removal in every case. Further, the term "other paper" must be read in *para materia* with the preceding descriptive words "amended pleading, motion, order, or other paper". Obviously, self created documentation is not what is contemplated by the rule. Additionally, the rule requires that such "other paper" be received by the defendant "through service or otherwise". Defendant would argue that such other paper can be received from itself. This is absurd. [It should be noted that the courts determination that it lacks subject matter jurisdiction over this case renders this point moot. Once a district court remands a case for lack of subject matter jurisdiction that order is final and the case is not subject to further removal actions.]

Defendant argues that plaintiff did not comply with local rule 7.3. However, that rule is not applicable to this case. The comment to that rule states, "the rule has been amended to clarify that a motion for fees and costs must only be filed when a judgment or appealable order has been entered in the matter. A motion for fees and costs may be made before such a judgment or order been entered where appropriate such as when sanctions have been awarded during the course of such proceeding". The nature of plaintiff's request for attorney's fees is as a sanction for defendant's meritless and improper removal action as well as for defendant's blatent misrepresentations as to the basis of this court's Final Order of Remand. Therefore the rule does not apply. Further, the rule applies only to orders which are appealable. An order from this Court dismissing the removal action for lack of subject matter jurisdiction is not appealable.

The plaintiff has been forced to suffer considerable expenses in these proceedings. An order imposing attorneys fees upon defendant is appropriate.

Respectfully submitted,

ROBERT PASIN
Attorney for the Plaintiff
3300 University Drive, Suite 601
Coral Springs, Florida 33065
954-345-0662
954-345-3902 (fax)
Florida Bar No. 341312

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by mail on this 15th day of March ,2000 to Sherryll Martens Dunaj, of Martens Dunaj, Marlowe, Davis & Marlowe, 201 South Biscayne Blvd., Miami Center suite 880, Miami, Florida, 33131.

ROBERT PASIN